```
                  IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON

WEST COAST PIZZA INVESTORS, LP,        Civ. No. 06-6256-HO,

             Plaintiff,                ORDER

      v.

CITY OF NORTH BEND,

             Defendant.
```

In this diversity case, plaintiff West Coast Pizza Investors, LP alleges that the failure of a storm water pipe under its property caused, and will continue to cause, erosion to the property. The complaint alleges claims of negligent maintenance of the pipe, negligent and intentional trespass by the direction of excess water onto plaintiff's property, and inverse condemnation. The city filed a motion for summary judgment.

### Undisputed Facts

Plaintiff owns the property located at 1977 Newmark Street, North Bend, Oregon. The property is situated at the southeast

corner of the intersection of Newmark Street and Broadway Street. Newmark runs east to west. Broadway runs north to south. Broadway is a State of Oregon highway from the south edge of the intersection to the north. Newmark is a State of Oregon highway from the east edge of the intersection to the west. The State of Oregon has maintained and controlled the intersection since 1971. In that year, the state performed construction on the intersection and other portions of Broadway and Newmark Streets.

At some time between 1971 and 1977, an 18" diameter storm sewer pipe and a 24" diameter storm sewer pipe were connected to a manhole on plaintiff's property. During this same time period, a third 24" diameter storm sewer pipe was also attached to the manhole and placed in the natural drainage draw on the property. The City of North Bend did not participate in construction of the manhole or installation of the pipes. No permits were requested of or issued by the city for construction and installation of the 24" diameter pipe in the draw across plaintiff's property. In 1977, the City issued a building permit and certificate of occupancy for a savings and loan building on the property. The pipe in the natural draw was buried during construction of the parking lot for the savings and loan. During this time, plaintiff's predecessor owned the property.

City Engineering Manager Matthew Whitty found no permits, drawings or other records of the 24" diameter pipe running under

2 - ORDER

the parking lot on plaintiff's property.  The 18" and 24" storm sewer pipes connected to the manhole on plaintiff's property run under the intersection of Newmark and Broadway, and are controlled and maintained by the Oregon Department of Transportation (ODOT).  City-maintained storm sewer pipes connect to these pipes, so that water flows through city storm sewer pipes, into ODOT's pipes, into the manhole on plaintiff's property, and into the 24" line under the parking lot on plaintiff's property.

The 24" diameter storm sewer pipe under plaintiff's property collapsed on January 15, 2006, causing damage to the property.

The configuration of storm sewer lines depicted in exhibit 108 is unchanged since at least 1980.  At no time prior to the failure of the 24" pipe under plaintiff's property did plaintiff ask the city to maintain, inspect, replace or repair the pipe. Plaintiff never inspected, repaired or performed maintenance on the pipe.  Prior to the pipe failure, plaintiff never objected about storm water flowing in the 24" pipe under the property.

Plaintiff filed the complaint in the Circuit Court of the State of Oregon for Coos County on August 28, 2006.

Whitty testified that rerouting the drainage around plaintiff's property would involve significant taxpayer expense, and filling the manhole on plaintiff's property would cause flooding in Newmark and Broadway streets.

3 - ORDER

Discussion

Summary judgment is appropriate if there are no disputed issues of material fact and the moving party if entitled to judgment as a matter of law. Fed. R. Civ. P. 56(C).

I. First Claim - Negligent Maintenance

To prevail on its negligence claim, plaintiff must prove that the city is at fault. Oregon Uniform Civil Jury Instructions 20.01 & 20.02. The city argues that it has no duty to maintain the pipe located on plaintiff's property because it does not own the pipe or hold an easement permitting it to go onto plaintiff's property to maintain the pipe. The city argues that Or. Rev. Stat. § 105.175 requires prescriptive easement holders to share costs and maintain an easement in good repair.

Section 105.175 imposes obligations on holders of an interest in an easement. Plaintiff produced no evidence that the city owns the drain pipe or holds an easement to maintain the pipe. There is no evidence that the city had a duty to maintain the pipe.

II. Second and Third Claims - Negligent and Intentional Trespass

For these claims, plaintiff alleges that the city negligently and intentionally directed water through its storm water collection system onto plaintiff's property in quantities greater than the "natural flow" of water that would have entered the property had the water not been collected by the storm sewer

4 - ORDER

system and directed onto plaintiff's property. Complaint, ¶¶ 11, 13. The city argues that the State of Oregon, and not the city, is directing water onto plaintiff's property, plaintiff consents to the connection of the storm sewer system to the manhole on its property, and these claims are barred by Oregon's statutes of ultimate repose and limitations, and laches.

In the circumstances of this case, a reasonable juror could only conclude that plaintiff consented to the entry of storm water into the manhole and drain pipe on its property. Thus, plaintiff's trespass claims fail. Hager v. Tire Recyclers, Inc., 901 P.2d 948, 951 (Or. App. 1995). Plaintiff's trespass theory is that more water flows to its property than would occur in the absence of the storm sewer system. It is undisputed that plaintiff purchased the property after the construction of the system, including the manhole and 24" drain pipe on plaintiff's property, and that plaintiff did not previously object to the conduct it now contends is trespass.

Plaintiff argues that the city has impliedly threatened litigation should plaintiff disconnect the 24" diameter pipe on its property from the manhole, or fill the manhole with concrete. The city's alleged threat originated after the pipe collapsed - too late to constitute a justification for plaintiff's prior failure to object.

///

5 - ORDER

IV.  Inverse Condemnation

Plaintiff's final claim alleges inverse condemnation, the popular description of a cause of action for a governmental taking in the absence of a formal exercise of the power of eminent domain. City of Ashland v. Hoffarth, 753 P.2d 925, 928 (Or. App. 1987). The complaint alleges that by its actions in directing flow in excess of natural flow onto plaintiff's property, the city has "taken an easement across Plaintiff's property for Defendant's use" and failed to compensate plaintiff. Complaint, ¶ 15. Notwithstanding the city's alleged recent threat to prevent plaintiff from disconnecting the 24" diameter pipe from the manhole or filling the manhole, the city has not taken an easement as a matter of law.

It is undisputed that the city has not formally exercised power of eminent domain over any portion of plaintiff's property. One claiming a prescriptive easement must prove open and notorious adverse use for a continuous and uninterrupted period of ten years by clear and convincing evidence. Winters v. Knutson, 962 P.2d 720, 722 (Or. App. 1998). Permissive use defeats a claim of prescriptive easement. Martin v. G.B. Enterprises, LLC, 98 P.3d 1168, 1170 (Or. App. 2004); see also 55 A.L.R.2d 1144 § 7(b). As noted above, a reasonable juror could only conclude that plaintiff permitted the use of the manhole and storm sewer pipe. Plaintiff cannot prove by clear and convincing

6 - ORDER

evidence that the city acquired a prescriptive easement.

## Conclusion

Based on the foregoing, the city's motion for summary judgment [#14] is granted.  This action is dismissed.

IT IS SO ORDERED.

DATED this __15th__ day of November, 2007.


                                              __s/ Michael R. Hogan__
                                               United States District Judge